IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WADE COATS, | * | |
| Petitioner, | * | Criminal No. RDB-09-0333 |
| v. | * | Civil Action No. RDB-15-0910 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Petitioner Wade Coats ("Petitioner" or "Coats") is currently serving a 600-month (50 year) sentence imposed by Judge Quarles of this Court.[1] A jury found Coats guilty of one count of conspiracy to distribute and possess with intent to distribute marijuana and cocaine base, in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Of the three co-defendants in this case, the lead co-defendant, Jose Cavazos, was found guilty of the same conspiracy charge and sentenced to 540 months (45 years) of incarceration. The two remaining co-defendants, James Bostic and Ronald Brown, both pled guilty to the conspiracy charge. Brown testified at trial and ultimately received a sentence of 5 years of probation on March 4, 2014. (ECF No. 311.) Bostic pled guilty to the conspiracy charge and ultimately was sentenced to a period of incarceration of 210 months (17 and ½ years). (Judgment & Commitment Order, ECF No. 110.) Bostic received a sentencing enhancement after agreeing that he had possessed a

---

[1] This case was subsequently reassigned to the undersigned Judge Richard D. Bennett upon Judge Quarles' retirement from this Court.

firearm in furtherance of the drug trafficking scheme. (ECF No. 76 at 5.) Nevertheless, Coats' prior counsel failed to address Bostic's significantly lower sentence during Coats' sentencing hearing or on appeal.

In a prior Memorandum Opinion and Order (ECF Nos. 313, 314), this Court rejected nearly all of the arguments advanced in a Motion to Vacate filed by Petitioner (ECF No. 280), but withheld ruling on one issue: whether Petitioner's counsel rendered ineffective assistance at sentencing and on appeal by failing to challenge the striking sentencing disparity between Coats and two co-defendants found guilty for similar conduct. After issuing a partial ruling, this Court stayed the case to permit Petitioner to secure court-appointed counsel and ordered supplemental briefing. (ECF No. 314.)

The issue is now ripe for adjudication. Petitioner has obtained new counsel and has submitted a Supplemental Motion to Vacate (ECF No. 319). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). This Court finds that prior counsel for Coats rendered ineffective assistance at sentencing and on appeal by failing to compare Coats' sentence to the sentence imposed on James Bostic. Prior counsel for Coats failed to address important issues as to sentencing disparities mandated pursuant to 18 U.S.C. § 3553(a)(6). Accordingly, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 280) is GRANTED IN PART and the Supplemental Motion to Vacate (ECF No. 319) is GRANTED. Specifically, Wade Coats is entitled to resentencing.[2]

---

[2] Counsel for the Government and Petitioner are directed to contact Chambers to schedule a resentencing hearing. Petitioner's sentence remains operable until a new sentence is imposed.

2

## BACKGROUND

The factual background of this case has been recited numerous times. *See United States v. Cavazos*, Nos. 12-4701, 12-4734, 542 F. App'x 263 (4th Cir. Oct. 17, 2013); *Coats v. United States,* RDB-09-333, 2018 WL 1570241 (D. Md. Mar. 30, 2018); *United States v. Cavazos*, No. WDQ-09-0333, 2011 WL 4596050 (D. Md. Sept. 30, 2011). This case arises from the allegation that Defendants Wade Coats, Ronald Brown ("Brown"), James Bostic ("Bostic"), and Jose Cavazos ("Cavazos") participated in a drug dealing operation in Baltimore City, Maryland between 2005 and 2010. At trial, the Government presented evidence that Defendants Coats and Bostic received cocaine from Jose Cavazos, a representative of a Mexican cartel, and then distributed the cocaine in Baltimore. (Tr. Trans., Feb. 1, 2011, 31:2-14, ECF No. 195.) It was alleged that Bostic continued to distribute drugs in Baltimore even after Coats was arrested on April 28, 2009. (*Id.* at 32:21-36:11.)

Defendants Coats, Brown, Bostic, and Cavazos were charged in a five-count Superseding Indictment. (ECF No. 66.) In Count One, all four co-conspirators were charged with conspiracy to distribute and possess with intent to distribute marijuana and cocaine base, in violation of 21 U.S.C. § 846. Count Two charged Brown with possessing with intent to distribute one hundred grams or more of a substance containing a detectable amount of heroin and a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count Three charged Coats with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Count Four charged Bostic with possessing with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 18 U.S.C. § 841(a)(1).

Finally, Bostic was also charged in Count Five with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

On June 16, 2010, Bostic pled guilty to Count One pursuant to the terms of a plea agreement. (ECF No. 75.) Brown also pled guilty to Count One. (ECF No. 85) (*SEALED*). Coats and Cavazos continued to trial in February 2011, where the jury convicted Coats of conspiracy to distribute and possess with intent to distribute marijuana and cocaine base (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Three). (*See* Superseding Indictment, ECF No. 66; Jury Verdict, ECF No. 143.) Cavazos was also convicted of Count One. (*See* Jury Verdict, ECF No. 141).

Judge Quarles of this Court sentenced each Defendant. Pursuant to the terms of a plea agreement, the Government and Bostic stipulated that an offense level of 35 and a Criminal History category of III applied, resulting in a Guidelines range of 210 to 262 months of imprisonment. (Plea Agreement, ECF No. 76 at 5-6; Sentencing Memorandum, ECF No. 106 at 4.) On November 8, 2010, Judge Quarles sentenced Bostic to 210 months of imprisonment as to Count One, and dismissed Counts Four and Five upon the motion of the Government. (Judgment & Commitment Order, ECF No. 110.)

On August 28, 2012, Coats was sentenced to 540 months imprisonment for Count One and 60 months for Count Three to be served consecutively for a total term of 600 months with credit for time served. (ECF No. 230 at 2; Sentencing Hearing Tr. 35:17-36:4, ECF No. 249.) Coats' sentence was based in part on an offense level of 44 and a Criminal History category of I, resulting in a Guidelines range of 360 months to life imprisonment. (Sentencing Hearing Tr. 32:23-33:18.) On that same day, Judge Quarles also sentenced Cavazos to 540

months of imprisonment as to Count One. (Judgment & Commitment Order, ECF No. 223.) On October 17, 2013, the United States Court of Appeals for the Fourth Circuit affirmed the sentences imposed on Coats and Cavazos. (ECF No. 259).

On March 31, 2015, Coats filed the presently pending Motion to Vacate pursuant to 28 U.S.C. § 2255. (ECF No. 280.) This Court rejected nearly all of the arguments presented in that motion, but withheld ruling on one issue: whether Petitioner's counsel rendered ineffective assistance at sentencing and on appeal by failing to argue that Coats' sentence represented an "unwarranted . . . disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The issue is now ripe for adjudication.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar

consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has noted further that the mere possibility of a different trial result does not satisfy the burden of proving prejudice. *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

## ANALYSIS

A United States District Court is required to consider the factors presented in 18 U.S.C. § 3553(a) before imposing a sentence. *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Booker*, 543 U.S. 220, 224 (2005); *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006). Among these factors, the sentencing court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In sentencing proceedings, defense counsel is expected to highlight the most pertinent § 3553(a) factors for the Court's consideration. The failure to draw the Court's attention to obviously beneficial sentencing considerations amounts to deficient performance under the *Strickland* standard. *See United States v. Butler*, 172 F.3d 45 (4th Cir. 1999) (per curiam) (failing to raise "significant" and "obvious" argument that sentence exceeded the statutory maximum constituted ineffective assistance of counsel); *see also United States v. Soto*, 132 F.3d 56, 59 (D.C. Cir. 1997) (ignoring helpful Guidelines provision constitutes deficient performance under the *Strickland* standard); *United States v. Headley*, 923 F.2d 1079, 1083-84 (3d Cir. 1991) (same).

In this case, Coats' prior counsel, who represented him at sentencing and on appeal, failed to address the gross disparity in sentences which obviously warranted emphasis: Bostic received a 210-month sentence even though the Government had previously alleged that he and Petitioner played nearly identical roles in the same conspiracy. A cursory comparison between Coats and Bostic reveals significant similarities strongly counseling against disparate sentences. Both defendants were alleged to have received drugs from Cavazos and to have distributed those drugs in Baltimore. Both Coats and Bostic were charged with possessing a

7

firearm during the conspiracy. While Coats proceeded to trial and was found guilty by a jury of this charge pursuant to 18 U.S.C. § 924(c), Bostic stipulated that he possessed a gun in furtherance of a drug trafficking crime. Finally, Bostic's decision to carry out the conspiracy even after Petitioner's arrest, coupled with his more significant criminal history, certainly counsels against imposing a sentence on Petitioner which was disproportionately more severe than the one Bostic received. Pursuant to 18 U.S.C. § 3553(a)(6), counsel for Coats should have emphasized that Bostic had a Criminal History category of III and Coats had a Criminal History category of I. The disparity between a 600-month (50 year) sentence and a 210-month (17 ½ month) sentence should have been addressed. While Bostic should certainly have received credit for acceptance of responsibility under U.S.S.G. § 3E1.1, Coats should not have been disproportionately punished for exercising his right to proceed to trial before a jury.

The Government argues that Petitioner's performance satisfied Sixth Amendment standards because 18 U.S.C. § 3553(a)(6) is designed to eliminate nationwide sentencing disparities and the Fourth Circuit has previously affirmed disparate sentences. The cases cited by the Government either affirmed disparate sentences which were imposed after considering pertinent differences between co-defendants, *see United States v. Allmedinger*, 706 F.3d 330, 343 (4th Cir. 2013), addressed sentences which fell below the Guidelines range, *see United States v. Offill*, 666 F.3d 168, 179 (4th Cir. 2011), or reversed downward departures which were improperly awarded solely to alleviate sentencing disparities among co-defendants, *see United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996). These cases do not address the circumstances presented here. In this case, the myriad favorable comparisons between Coats and Bostic warranted significant attention at sentencing and on appeal. Counsel's complete

failure to raise this issue either at sentencing or on appeal constitutes deficient performance under the *Strickland* test.

Prior counsel's deficient performance was clearly prejudicial to Coats. The disparity in the sentences imposed upon Coats and Bostic compels review by this Court and should have been addressed by Coats' prior counsel in argument before the United States Court of Appeals for the Fourth Circuit. This Court acknowledges that there were some pertinent differences between Coats and Bostic. For example, Bostic pled guilty and accepted responsibility, but Judge Quarles found that Coats exhibited a lack of remorse. Nevertheless, these dissimilarities do not warrant a sentencing disparity of 390 months (over 32 years).

The Government has argued that a ruling in Petitioner's favor will require defense counsel in future cases to address every factor enumerated under § 3553(a) "for fear of later being deemed ineffective." (ECF No. 322 at 7-8.) Such fears are simply unwarranted. Prior counsel patently ignored the importance of the § 3553(a)(6) factor which should be addressed in every case. This case involved only four co-defendants, with Coats and Bostic alleged to have played identical roles within a drug distribution network. Coats' prior counsel failed to highlight an untenable sentencing disparity between these two similarly situated co-defendants both before the district court and on appeal. Any attorney should have noticed this glaringly obvious disparity and addressed it. Counsel's failure to do so was an extreme departure from normal professional standards.

Accordingly, it is HEREBY ORDERED this 29th day of May, 2020, that:

1. Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 280) is GRANTED IN PART on the grounds articulated in this Memorandum Order;

2. Petitioner's Supplemental Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 319) is GRANTED;

3. The Clerk of this Court shall transmit copies of this Memorandum Order to counsel and the Petitioner;

4. The Clerk of this Court shall CLOSE this civil case, *Coats v. United States*, Civil Action No. RDB-15-0910;

5. Counsel for Coats and the Government shall contact Chambers to schedule a resentencing hearing in the related criminal proceeding, *United States v. Coats*, Criminal Action No. RDB-09-0333; and

6. Coats's sentence shall remain undisturbed until this Court imposes a new sentence.

                                                                                     \_\_\_\_/s/_____
                                                                                     Richard D. Bennett
                                                                                     United States District Judge