IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal Action No. RDB-09-333 |
| WADE COATS, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Defendant Wade Coats ("Coats") is a 57-year-old federal prisoner who is serving a 240-month sentence for Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine, in violation of 21 U.S.C. § 846, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 21 U.S.C. § 924(c). (Superseding Indictment, ECF No. 66; Am. Judgment, ECF No. 356.) Now pending is Coats' Motion for Compassionate Release pursuant 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute). (ECF No. 359.) Coats argues that this Court should reduce his sentence to time served because of his vulnerability to the COVID-19 virus. The Government opposes this motion. (ECF No. 363.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Coats' Motion for Compassionate Release (ECF No. 359) is DENIED.

## BACKGROUND

The factual background of this case has been recited several times. *See United States v. Cavazos*, Nos. 12-4701, 12-4734, 542 F. App'x 263 (4th Cir. Oct. 17, 2013); *Coats v. United States*, No. CR RDB-09-0333, 2020 WL 2794474 (D. Md. May 29, 2020); *Coats v. United States,* RDB-09-333, 2018 WL 1570241 (D. Md. Mar. 30, 2018); *United States v. Cavazos*, No. WDQ-09-0333, 2011 WL 4596050 (D. Md. Sept. 30, 2011). On May 29, 2020, this Court granted Coats' motion to vacate pursuant to 28 U.S.C. § 2255 on the grounds that his prior counsel was constitutionally ineffective for failing to argue the significance of the disparity between the sentence he faced after proceeding to trial and the sentence imposed on a similarly culpable co-defendant who pled guilty.[1] (Memorandum Order, ECF No. 326.) On December 17, 2020, Coats appeared before this Court for re-sentencing. This Court sentenced Coats as follows: 180 months of imprisonment as to Count One of the Superseding Indictment which charged him with a narcotics conspiracy and 60 months of imprisonment consecutive as to Count Three of the Superseding Indictment which charged him with possession of a firearm in furtherance of a drug trafficking crime. (Am. Judgment, ECF No. 356.) On March 17, 2021, Coats filed the presently pending Motion for Compassionate Release. (ECF No. 359.) Coats' current release date is May 12, 2026.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.

---

[1] Judge Quarles of this Court originally sentenced Coats to a total term of imprisonment of 600 months. (Judgment, ECF No. 230-2.) Coats' similarly culpable co-defendant James Bostic received a sentence of 210 months in prison following his plea of guilty to the narcotics conspiracy count. (Am. Judgment, ECF No. 116.)

2

Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of

imprisonment, whichever is less," presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

I.   **Extraordinary and Compelling Reasons**

As an initial matter, the Government does not contest that Coats has exhausted his administrative remedies.[2] Accordingly, this Court must determine whether he has demonstrated that "extraordinary and compelling" reasons support relief. 18 U.S.C. § 3582(c)(1)(A).

Coats' COVID-19 vulnerability claim fails. Coats argues that he suffers from several conditions that place him at a heightened risk of developing severe illness from the COVID-

---

[2] *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021) ("Because the [exhaustion] requirement is not jurisdictional, it may be waived or forfeited.").

4

19 virus. (ECF No. 361 *SEALED* at 4.) Specifically, Coats suffers from hypertension, hypertensive cardiac disease, hyperlipidemia, and prediabetes. (*Id.*) Coats, however, has also refused to take the COVID-19 vaccine. (ECF No. 377 at 1.) As Judge Blake of this Court has noted, "a refusal to be vaccinated, in the absence of a documented medical reason, undercuts a claim of extraordinary and compelling reasons for compassionate release." *United States v. Bowling*, No. CCB-16-267, 2021 U.S. Dist. LEXIS 236359, at *6 (D. Md. Dec. 8, 2021). Coats has presented no such documented medical reason. At FCI Pollock, Louisiana, where Coats is housed, there are currently no active inmate cases of COVID-19.[3] Accordingly, this Court concludes that Coats' vulnerability to severe illness from COVID-19 does not constitute an "extraordinary and compelling" reason for compassionate release.

## II.   18 U.S.C. § 3553(a) Factors

Even if Coats had demonstrated the existence of extraordinary and compelling reasons, compassionate release would nonetheless be inappropriate because the factors found at 18 U.S.C. § 3553(a) do not support relief. The factors require this Court to evaluate (1) Coats' personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *United States v. Bryant*, Crim No. 95-202-CCB, 2020 WL

---

[3] *See* COVID-19 Coronavirus: COVID-19 Vaccine Implementation and COVID-19 Cases, BOP, https://www.bop.gov/coronavirus (last visited May 12, 2022).

2085471 at *4. Coats' offenses were serious. He participated in a wide-ranging narcotics trafficking conspiracy and possessed a firearm while doing so. A further reduction in Coats' sentence would not promote respect for the law or provide just punishment. This Court is also aware of the need to avoid unwarranted sentencing disparities. This Court reduced the sentence of Coats' co-defendant Jose Cavazos to a term of 180 months of imprisonment. (Am. Judgment of Cavazos, ECF No. 379.) While both Coats and Cavazos proceeded to trial, Cavazos was convicted *only* on the conspiracy count and did not face mandatory minimum consecutive time as Coats does for his possession of a firearm. (Jury Verdicts, ECF Nos. 141, 143.) Accordingly, this Court concludes that Coats' sentence of 240 months of imprisonment does not present an unwarranted sentencing disparity and remains the appropriate sentence in this case.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 12th day od May, 2022 that Defendant Coats' Motion for Compassionate Release (ECF No. 359) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge